## UNITED STATES v. 3295.61 ACRES OF LAND, MORE OR LESS, SITUATED IN HUTCHINSON COUNTY, TEXAS et al.

### No. 280.

United States District Court
N. D. Texas, Amarillo Division.
April 12, 1949.

Frank B. Potter, U. S. Atty., and Oscar M. Harrell, Asst. U. S. Atty., both of Fort Worth, Tex., and Joe S. Davies, Dept. of Justice, of Washington, D. C., for plaintiff.

Cleo G. Clayton and John R. Fullingim, both of Amarillo, Tex., for defendants.

ATWELL, Chief Judge.

Out of a ranch of approximately 6,000 acres, this condemnation proceeding was filed for 3295.61 acres.

The requirements of the statute with reference to deposit of money with the court, the necessity for the taking, the appointment and finding by appraisers, the filing of exceptions to such finding, have all been scrupulously and carefully followed.

The testimony has been developed by a score or more of witnesses and informative maps and diagrams. Among such is an aerial photograph and a colored ground plan of the entire ranch, with the condemned portion in a different color so that the claim of severance damage may be easily inquired into by witness and jury. The case has traveled, with some delay, for a number of years, having been filed in 1942.

The testimony also shows that the government has 14 water-producing wells which furnish approximately 16,000,000 gallons of water per day, which is carried, partly by gravity and partly by a pumping plant, through a large pipe, a number of miles to the government synthetic rubber plant established during the war. It was also disclosed that this water comes from what is known as the Ogallala formation which is approximately 450 feet beneath the surface and extends for 300 miles north and south, and averages 120 miles east and west. That within this area there are approximately 10,000 wells.

■ The meaning of the 5th Amendment, in its provision for just compensation for property which is thus taken, is based upon a fair market value at the time of taking, contemporaneously paid in money. The highest and best use is the use that determines its value. Elements affecting value that depend upon events, which, while possible, are not fairly shown to be reasonably probable, should be excluded. Fair market value may not rest upon conjecture, nor is any owner entitled to compensation for any increase in value that may result to the property because of its condemnation.

■ In passing upon the fair market value of pasture land, from which could be removed water, which could be used for industries, and which could be profitably sold therefor, or that any purchaser was willing to pay any more for the land because of its water deposits, should be considered, with all other relative testimony relating to an abundance of such water through the entire country.

■ Everything which gives property its intrinsic value is a proper element for consideration. Not only its present use, but its capabilities are to be considered.